UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON CORA SR.,

                          Plaintiff,

               -against-                                    1:24-CV-0263 (LTS)

MARSHA M WRIGHT, The New York Family          ORDER OF DISMISSAL
Court; HUMAN RESOURCES CHILD
SUPPORT,

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ramon Cora Sr., of the Bronx, New York, who is appearing *pro se*, filed this

action invoking the court's federal question jurisdiction.[1] He sues: (1) Marsha M. Wright, a

Support Magistrate of the New York Family Court, New York County; and (2) "Human

Resources Child Support," which the Court understands to be the Office of Child Support

Services ("OCSS") of the Human Resources Administration ("HRA") of the New York City

Department of Social Services ("DSS"). Plaintiff does not specify the relief he seeks. The Court

understands Plaintiff's complaint as asserting claims of federal constitutional violations, under

42 U.S.C. § 1983, under the court's federal question jurisdiction, as well as claims under state

law, under the court's supplemental jurisdiction, for monetary damages and injunctive relief.

By order dated January 12, 2024, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the

Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims under

Section 1983, against the City of New York, in an amended complaint.

---

[1] Plaintiff mislabels his complaint as a petition. The Court will refer to it as a complaint
in this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

2

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events that are the bases for his claims occurred in the New York Family Court, New York County, on September 21, 2023. He also alleges the following:

> I made a petition for the Family Court to re[calculate] . . . how much I owed in back child support, but the judge was rude to me wouldn't let me speak to[ld] me to shut my mouth or she was going to dismiss the case and I would have to wait for a year. My paychecks were being garnish[ed] and my daughter was dece[a]se[d] since April 15th 2021 and she wasn[']t living with [my ex-wife] since the age of 16[] and my son was kicked out of the house at the age of 17[] but my ex[-]wife was still collecting payments. [*sic*]

(ECF 1, at 5.)

Plaintiff alleges that the federal constitutional or statutory bases for his claims are: "I wasn't giv[en] the right of defending myself nor was I properly served with anything until[] I came to [New York]." (*Id.* at 2.)

## DISCUSSION

The Court understands, from the allegations in his complaint, that Plaintiff has non-final child support proceedings pending in the New York Family Court, New York County, and that Support Magistrate Wright has been presiding over, and will continue to preside over, at least some of those proceedings.

**A.      Claims under 42 U.S.C. § 1983 against Support Magistrate Wright**

The Court must dismiss Plaintiff's claims for monetary damages and injunctive relief under 42 U.S.C. § 1983 that Plaintiff appears to assert against Support Magistrate Wright. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v.*

*Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity, when presiding over child support proceedings. *See Arce v. Turnbull*, No. 21-642, 2021 WL 5816687 (2d Cir. Dec. 8, 2021) (summary order); *Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019) (summary order); *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *5 (S.D.N.Y. Dec. 16, 2020); *Charles v. Lopez*, No. 19-CV-8706 (CM), 2019 WL 5261154, at *2 (S.D.N.Y. Oct. 15, 2019); *Roger of the Fam. Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866 (CM), 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit).

Plaintiff seems to assert claims for monetary damages and injunctive relief under Section 1983, against Support Magistrate Wright, arising from her alleged actions and/or rulings during

4

Plaintiff's New York Family Court proceedings before her that took place on September 21, 2023. Plaintiff, however, fails to allege any facts showing that, in taking those actions and/or making such rulings, Support Magistrate Wright acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12.

Because Plaintiff sues Support Magistrate Wright for "acts arising out of, or related to, individual cases before [her]," *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 against her. The Court therefore dismisses Plaintiff's claims under Section 1983 for damages against Support Magistrate Wright because such claims seek monetary relief against a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are frivolous,[2] § 1915(e)(2)(B)(i); *see Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

## B.     The *Younger* abstention doctrine

Inasmuch as Plaintiff's child support proceedings are pending in the New York Family Court, New York County, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith,

---

[2] The amendment to Section 1983, allowing for injunctive relief against a judge only if a state court declaratory decree was violated or state court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Support Magistrate Wright. This is so because Plaintiff can seek review, by a Family Court Judge, of a Support Magistrate's rulings and, if unsuccessful, appeal a Family Court Judge's decision in the New York State appellate courts. *See* N.Y. Family Court Act §§ 439(e), 1112; N.Y.C.P.L.R. § 5602(a)(1), (b)(2); *see generally Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411

U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention

doctrine has been extended to the three following categories of state court proceedings: (1) state

criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions";

and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments

of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). Courts have

held that pending state court child support proceedings involve at least one of the circumstances

mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Francis v.*

*Dep't of Soc. Servs.*, No. 22-CV-6860, 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The

merits of that appeal – challenging both the Family Court order and Francis's need to exhaust

administrative remedies through [the Department of Social Services] – implicate New York's

state interest in managing and enforcing child support payments."); *Perso v. Perso*, No. 19-CV-

2858, 2019 WL 4415399, at *3-4 (E.D.N.Y. Sept. 13, 2019) (same as to ongoing divorce and

child support proceedings); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753, 2019 WL

2437849, at *3 (E.D.N.Y. June 10, 2019) (same); *Bowman v. Morris*, No. 8:19-CV-0097, 2019

WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019) ("[T]o the extent that the child support issues are

continuing in Family Court, the Court should abstain from interfering with that process."), *report*

*& recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019); *Gravagna v.*

*Eisenpress*, No. 19-CV-0700 (CM), 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) ("[T]his

Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court

proceedings[] involving . . . child support issues and 'implicat[ing] a State's interest in enforcing

the orders and judgments of its courts.'" (citation and second alteration omitted)); *Brock v. City*

*of New York*, No. 19-CV-0957, 2019 WL 438356, at *3 (E.D.N.Y. Feb. 4, 2019) (applying

*Younger* abstention to a claim in which the plaintiff asked the federal district court "to enjoin [a New York City official] from continuing to prosecute [the plaintiff's] child support obligations in New York family court" because "actions to enforce child support orders implicate important state interests").

Plaintiff has not alleged any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to his child support proceedings that are pending in the New York Family Court, New York County. Thus, to the extent Plaintiff asks this Court to intervene in those pending proceedings, the Court dismisses such claims under the *Younger* abstention doctrine.

## C.      The domestic relations abstention doctrine

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Thus, this abstention doctrine applies when a federal district court is asked, under its federal question jurisdiction, to modify a previously determined child support amount set by a state court. *See id.; cf. Mayers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required

as to the non-final judgment amounts in *American Airlines*."). More recently, the Second Circuit,

in *Deem v. DiMella-Deem*, held that its own previous holding in *American Airlines* remains good

law. 941 F.3d 618, 621 (2d Cir. 2019).

Notwithstanding the Court's dismissal of Plaintiff's claims above pursuant to the

*Younger* abstention doctrine, to the extent that Plaintiff asserts claims for injunctive relief, under

the court's federal question jurisdiction, including under Section 1983, in which he asks the

Court to modify his child support payments, as previously set by the New York Family Court,

New York County, the Court dismisses those claims under the domestic relations abstention

doctrine.

**D.      Plaintiff's claims against OCSS, HRA, and/or DSS**

Plaintiff names as defendants OCSS, HRA, and/or DSS, but the Court must dismiss his

claims against these entities because, as agencies of the City of New York, they are not entities

that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery

of penalties for the violation of any law shall be brought in the name of the city of New York and

not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New*

*York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Milhouse v. N.Y.C. DHS DSS*, No. 1:22-CV-2943

(JPC), 2022 WL 3229120, at *2 (S.D.N.Y. Aug. 10, 2022) (DSS and another city agency);

*Andrews v. DHS*, No. 1:19-CV-5622 (CM), 2019 WL 3748171, at *4 (S.D.N.Y. Aug. 7, 2019)

(HRA among other city agencies); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385,

395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.") The

Court therefore dismisses Plaintiff's claims against these New York City agencies for failure to

state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Inasmuch as Plaintiff's complaint can be construed as asserting claims, under Section

1983, against the City of New York, the Court dismisses those claims. When a plaintiff sues a

municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York contributed to the violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but grants Plaintiff leave to replead his claims under Section 1983, against the City of New York, in an amended complaint.

**E.    Claims under Section 1983 alleging violations of procedural due process**

The Court understands Plaintiff's complaint as also asserting claims, under Section 1983, of violations of his right of procedural due process with respect to the garnishment of his wages to pay his child support arrears debt.

The right of procedural due process only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law

is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Generally, some kind of predeprivation process must be provided before a person's property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where that person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, however, the right of procedural due process is satisfied if the State provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Rivera-Powell*, 470 F.3d at 465.

In the State of New York, a child support debtor is entitled to the administrative remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52"). For example, when a local social services district's Support Collection Unit issues an execution for enforcement of current child support or child support arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and challenge it administratively. *See* N.Y.C.P.L.R. § 5241(a)(8), (e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012); *see Phillips v. Wagner*, No. 22-CV-0833, 2022 WL 17406092, at *3

(N.D.N.Y. Nov. 4, 2022), *report & recommendation adopted*, 2022 WL 17403441 (N.D.N.Y.

Dec. 2, 2022), *appeal dismissed*, No. 23-68, 2023 WL 4445323 (2d Cir. Apr. 25, 2023); *Ketan v.

Lopez*, No. 20-CV-1626 (LLS), 2020 WL 3871209, at *3 (S.D.N.Y. July 9, 2020); *Basciano v.

Child Support Enf't Mt. Vernon Off.*, No. 19-CV-11797 (CM), 2020 WL 550569, at *3 (S.D.N.Y.

Feb. 4, 2020); *Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266 (CM), 2019 WL

6312178, at *3 (S.D.N.Y. Nov. 25, 2019), *appeal dismissed*, No. 20-26, 2020 WL 3643569 (2d

Cir. May 7, 2020).

State law, specifically, Articles 52 and 78, provides procedural due process to child

support debtors facing garnishment. If state officials failed to comply with state law, such an

omission would constitute a random and unauthorized deprivation of property. That deprivation

does not, however, constitute a violation of procedural due process so long as the state provides

an adequate postdeprivation remedy.

Plaintiff has not alleged facts showing that he has sought Article 52 administrative review

or Article 78 judicial review, or that either remedy is inadequate. In fact, the complaint shows

that Plaintiff sought at least some sort of judicial review, and it suggests that he was aware that

he was in arrears as to child support that he owed, but that his efforts to reduce his child support

debt were unsuccessful. Without seeking Article 52 administrative review or Article 78 judicial

review, Plaintiff cannot assert that he was denied procedural due process. *Basciano*, 2020 WL

550569, at *4 (citing *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991), and

*Smith*, 2019 WL 6312178, at *3). Accordingly, to the extent that Plaintiff asserts claims under

Section 1983 that his right of procedural due process has been violated with regard to his child

support arrears obligations, the Court dismisses such claims for failure to state a claim on which

relief may be granted. *See* § 1915(e)(2)(B)(ii).

**F.      Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under

state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

[supplemental] jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)

(footnote omitted). Having dismissed the claims of which the Court has original jurisdiction

(Plaintiff's claims under federal law), the Court declines to exercise its supplemental jurisdiction

of any remaining claims under state law that Plaintiff may be asserting. *See Kolari v. New York-*

*Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the

discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court,

however, grants Plaintiff 30 days' leave to replead his claims under Section 1983, against the

City of New York, in an amended complaint, as specified above. If Plaintiff fails to file an

amended complaint within the time allowed, and cannot show good cause to excuse such failure,

the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons

set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

13

The Court directs the Clerk of Court not to enter a judgment dismissing this action, at this time, as the Court has granted Plaintiff leave to replead claims in an amended complaint.

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge